**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:24-CR-00016- |
| | § | ALM-AGD |
| AARON CARSON CHEEK (1) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Aaron Carson  Cheek's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on May 13, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Howard Benjamin Blackmon, Jr.. The Government was represented by Chalana Oliver.

Defendant was sentenced on October 26, 2017, before The Honorable Christine N. Arguello of the District of Colorado after pleading guilty to the offense of Possessing and Brandishing a Firearm in Furtherance of a Crime of Violence, a Class A felony. This offense carried a statutory minimum term of 7 years and a maximum imprisonment term of Life. The guideline imprisonment range, based on a total offense level of N/A and a criminal history category of II was 84 months. Defendant was subsequently sentenced to 84 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions to include substance abuse testing and treatment, mental health treatment, medication monitoring, cognitive behavioral treatment, search, and a $100 special assessment. On September 30, 2022, Defendant completed his period of imprisonment and began service of the supervision term. On February 1, 2024, jurisdiction was transferred to the Eastern District of Texas, and the case was reassigned to The Honorable Amos L. Mazzant, III.

REPORT AND RECOMMENDATION – Page 1

On February 15, 2024, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #2, Sealed). The Petition asserts that Defendant violated two (2) conditions of supervision, as follows: (1) Mandatory Condition Defendant must not commit another federal, state, or local crime; and (2) Special Condition Defendant must participate in and successfully complete a program of testing and/or treatment for substance abuse, as approved by the probation officer, until such time as Defendant is released from the program by the probation officer. Defendant must abstain from the use of alcohol or other intoxicants during the course of treatment and must pay the cost of treatment as directed by the probation officer. (Dkt. #2 at pp. 1–2, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On January 12, 2024, Defendant was arrested by the Cooke County Sheriff's Office in Gainesville, Texas, for the offense of Assault Family Member Impede Breath, a 3rd Degree Felony. Defendant was released on bond, and the charge remains pending under Docket No. CR24-00006 in the 235th Judicial District Court of Cooke County, Texas. According to the Indictment, on or about January 12, 2023, in Cooke County, Texas, Defendant, did then and there intentionally, knowingly, or recklessly cause bodily injury to Courtney Cheek, a member of Defendant's family, as described by Section 71.003 Texas Family Code, by impeding the normal breathing or circulation of the blood of the said complainant by applying pressure to the throat or neck. According to the offense report, officers were dispatched to the North Texas Medical Center due to a domestic disturbance. Upon arrival, Ms. Cheek advised them Defendant assaulted her by choking her and punching her with a closed fist during an altercation at their residence. Ms. Cheek reported to officers that she lost consciousness and remembers getting up after seeing blood on her pants. After the assault, Ms. Cheek went to North Texas Medical Center in Gainesville, TX, where she was treated. Officers took photographs

REPORT AND RECOMMENDATION – Page 2

of her injuries which included bruising to her eyes, swelling of her nose and upper lip, and finger impressions around her neck; and (2) As part of the random drug testing program, Defendant failed to submit a urine sample at McCary Counseling Services, Denton, Texas, as directed, on December 30, 2022, and January 21, 2023. (Dkt. #2 at pp. 1–2, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegation 2 of the Petition. Having considered the Petition and the plea of true to allegation 2, the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of twenty (20) months, with no term of supervised release to follow.

The court also recommends that Defendant be housed in a Bureau of Prisons facility in the Fort Worth, Texas area, or any other medical facility, if appropriate.

**SIGNED this 31st day of May, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE